UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOORISHYU BEY,

                             Movant,

-against-

UNITED STATES OF AMERICA,

                             Respondent.

23-cv-11281 (LJL)

ORDER OF DISMISSAL

LEWIS J. LIMAN, United States District Judge:

    Movant, currently incarcerated at F.C.I. Otisville, filed a *pro se* motion seeking an extension of time to file a motion under 28 U.S.C. § 2255.  Movant seeks to challenge the legality of his sentence entered in *United States v. Bey*, No. 22-cr-132-1 (S.D.N.Y. Jan. 19, 2023).  Attached to the motion is a letter requesting a Section 2255 "packet."  *Id.*, Dkt. No. 43 at 4.

    By memorandum endorsement dated December 27, 2023, the Court denied the motion for an extension of time, because "Section 2255 allows a prisoner to file a motion to challenge his sentence but only within one year of the date on which the judgment of conviction becomes final,"[1] and the Court "lacks authority to grant a motion to extend that time."[2]  Dkt. No. 44; *see*

---

[1] Movant did not appeal his conviction, and thus it became final on February 2, 2023. "[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).  The time for filing a direct appeal from a conviction expires 14 days after entry of judgment.  *See* Fed. R. App. Proc. 4(b)(1)(A)(i).

[2] A federal *habeas corpus* petition must be filed within one year from the latest of four dates, that is, when: (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) the facts supporting the claim(s) could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1); *see also Reyes v. Keane*, 90 F.3d 676 (2d Cir. 1996). Under the prison mailbox rule, a prisoner's submissions are deemed filed as of the date they are

*Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) ("[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed" because, prior to an actual filing, "there is no case or controversy to be heard.")

Before the Court issued the memorandum endorsement, the Clerk's Office opened the motion as a new civil action under this docket number. The Clerk of Court is directed to: (1) mail to Movant a Section 2255 motion form with instructions; and (2) administratively close this case.

Because Movant has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   January 4, 2024
         New York, New York

                                             _____
                                             LEWIS J. LIMAN
                                             United States District Judge

---

handed to prison officials for mailing. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing.").